Matter of Russo (2020 NY Slip Op 02324)





Matter of Russo


2020 NY Slip Op 02324


Decided on April 16, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2019-13308

[*1]In the Matter of George F. Russo, admitted as George Frank Russo, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; George F. Russo, respondent. (Attorney Registration No. 1889302.)



APPLICATION pursuant to 22 NYCRR 1240.10 by George F. Russo, who was admitted to the Bar under the name George Frank Russo, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 26, 1983, to resign as an attorney and counselor-at-law.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.
Scalise & Hamilton PC, Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM


OPINION & ORDER
.The respondent, George F. Russo, admitted as George Frank Russo, has submitted an affidavit sworn to on November 1, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges that he is currently the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts involving allegations of professional misconduct. Specifically, the respondent avers that the allegations against him include at least a failure to properly maintain and account for client funds in his escrow account. The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct.
The respondent also acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Notwithstanding the respondent's representation that all parties entitled to funds have received their funds and therefore no restitution is necessary, the respondent acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing [*2]jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the application of the respondent, George F. Russo, admitted as George Frank Russo, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, George F. Russo, admitted as George Frank Russo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, George F. Russo, admitted as George Frank Russo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, George F. Russo, admitted as George Frank Russo, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, George F. Russo, admitted as George Frank Russo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court